**UNITED STATES of America,**
**Appellee,**

v.

**Anthony GREGG Defendant–Appellant,**

No. 03–1229.

United States Court of Appeals,
Second Circuit.

July 1, 2004.

Valerie Amsterdam, New York, NY, for Appellant.

Harry Sandick, Assistant United States Attorney, Southern District of New York (Marc L. Mukasey, Assistant United States Attorney, David N. Kelley, United States Attorney, on the brief), for Appellee, of counsel.

PRESENT: MINER, STRAUB, Circuit Judges, and FEUERSTEIN, District Judge.*

*SUMMARY ORDER*

Defendant–Appellant Anthony Gregg appeals from the April 11, 2003 judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*) convicting the defendant, after a jury trial, of unlawfully possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), and principally sentencing the defendant to 77 months of incarceration. We assume familiarity with the facts of this case, its

---

* The Honorable Sandra J. Feuerstein, United States District Judge for the Eastern District of New York, sitting by designation.

procedural context, and the issues that have been raised for appellate review.

By means of a letter dated May 27, 2004, this Court requested briefing from both parties concerning a possible conflict of interest of Ms. Valerie Amsterdam, the defendant's counsel for this appeal. Ms. Amsterdam was arrested on or about April 22, 2004 and charged in the Eastern District of New York in a five-count indictment alleging, *inter alia*, that Ms. Amsterdam conspired to defraud the federal government by submitting fraudulent applications for appointment of counsel under the Criminal Justice Act. In Ms. Amsterdam's June 7, 2004 response letter, she conveyed her client's request to be afforded the opportunity to consult with an independent attorney to determine whether he would like Ms. Amsterdam to continue to represent him in this appeal. In the government's response letter of the same day, the government stated that it does not oppose a limited remand of this case for purposes of conducting a *Curcio* hearing. *See United States v. Curcio,* 680 F.2d 881 (2d Cir.1982).

We agree with the parties that the case should be remanded for the limited purpose of conducting a *Curcio* hearing. Following this hearing, jurisdiction will automatically be restored to this Court without the need for an additional notice of appeal. *See United States v. Jacobson,* 15 F.3d 19, 22 (2d Cir.1994). After jurisdiction is restored, the Clerk shall calendar the renewed appeal in the manner customary for a new appeal.

For the foregoing reasons, the judgment of the District Court is hereby REMANDED for further proceedings in accordance with this summary order. The mandate shall issue forthwith.